# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2016-0355, <u>Cate Street Capital, Inc. v. DG Whitefield, LLC d/b/a Whitefield Power and Light Company & a.</u>, the court on January 17, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The plaintiff, Cate Street Capital, Inc., appeals the order of the Superior Court (<u>McNamara</u>, J.) entering summary judgment for defendants DG Whitefield, LLC d/b/a Whitefield Power and Light Company and Indeck Energy-Alexandria, LLC (the defendants), on all claims, based upon the parties' 2011 global settlement and release agreement.

In 2011, the plaintiff, an investment firm, entered into ten agreements, including a global settlement and release agreement, with several independent, wood-fueled power plants, including the defendants, to allow construction to begin on a wood biomass-fueled power plant that it was financing.  In 2013, the plaintiff filed this action to set the settlement aside, seeking to pursue damage claims against the defendants, including civil conspiracy, tortious interference with contract, unfair competition, and abuse of process, for acts occurring prior to the execution of the agreements.  The plaintiff concedes that if the release is valid and enforceable, its claims are barred, but argues that the release was procured through economic duress and should be set aside.

On cross-motions for summary judgment, the trial court found that the plaintiff, a sophisticated party represented during negotiations by able counsel, could not prove that the release it signed was the product of economic duress.  Moreover, the court found that even if the release had been the product of duress, the evidence, viewed most favorably to the plaintiff, showed that the plaintiff had effectively ratified the agreement by not initiating this action for almost two years.

As the appealing party, the plaintiff has the burden of demonstrating reversible error.  <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014).  Based upon our review of the trial court's well-reasoned order, the plaintiff's challenges to it, the

relevant law, and the record submitted on appeal, we conclude that the plaintiff has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**